United States District Court
Southern District of Texas
**ENTERED**
November 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EVELYN ELIZA ORTEGA TRIGUEROS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-8572 |
| | § | |
| U.S. DEPARTMENT OF HOMELAND SECURITY (DHS), *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On September 28, 2026, the Clerk's Office docketed Evelyn Eliza Ortega Trigueros's petition for writ of habeas corpus. (Docket Entry No. 1). Ortega Trigueros explained that "[t]he friend [who] [she] gave the power of attorney for the care and custody of [her] children does not want to take care of them anymore." (Docket Entry No. 1 (noting that Ortega Trigueros "had a visit from [Child Protective Services]" during her detention)). On October 30, 2026, the Clerk's Office docketed a letter from Ortega Trigueros. (Docket Entry No. 7). In the letter, Ortega Trigueros states that she is the single mother of six children (ages 14, 10, 6, 2, 1, and 1), three of whom are American citizens. She states that her children do not have a "permanent place to live" and that she does not have any family members or anyone else who can take care of her children while she is detained. She is particularly concerned about her oldest son, who has been missing since October 10, 2026.

The court ordered the government to "file a status report . . . , responding to the allegations concerning the petitioner's children in her letter." (Docket Entry No. 8). The government responded, stating that "ERO officers attempted to contact the named custodian, however, attempts

at contact were unsuccessful." (Docket Entry No. 9). The government stated that "[f]urther attempts to contact the custodian of the children are dependent on Petitioner providing a reachable contact." (*Id.*). The government did not describe any other actions taken to locate the children and did not indicate whether the children are, or at any time were, in government custody. (*See id.*).

No later than 2:00 p.m. CST on November 23, 2026, the government must provide a status update on whether the children are, or were, in government custody,[1] the dates and location of any such custody, and the present whereabouts of the children, including the location and identity of their custodian.[2] If the government does not know where the children are currently, or whose care and custody they are under, the government must describe any steps taken, aside from those already described, (Docket Entry No. 9), to locate the children, identify their custodians, and to ensure their safety, since the mother's date of detention. The government must also describe when any such steps were taken.

SIGNED on November 21, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

[1] This includes whether the children are, or were, in the custody of Child Protective Services or in the custody of any governmental entity.

[2] This includes whether the children were in government custody or whether the government knew about the whereabouts of the children, since the mother's date of detention.